UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHRISTINE A. CUMMINGS, JANET TAYLOR DARVAS, RICHARD K. DEHART, CHRISTOPHER GARBANI, PATRICIA A. MCCUMSEY, DANIEL NOWALIS, CLAUDIA STEWART, and MONA YASSA, on behalf of themselves and the class they represent, | |
| Plaintiffs, | NO. CIV. S-99-2176 WBS KJM |
| v. | MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT AND/OR AMENDMENT OF JUDGMENT ON REMAND |
| KATHLEEN CONNELL, Controller, State of California; MARTY MORGENSTERN, Director California Department of Personnel Administration, Defendants; CALIFORNIA STATE EMPLOYEES ASSOCIATION, LOCAL 1000; LOCAL 1000 SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO-CLC; | |
| Defendants. | |

----oo0oo----

I.  Factual and Procedural Background

The facts of this case are more fully discussed in the various decisions issued by this court and the Ninth Circuit that

1

the court has cited to below.  For the purpose of resolving the issue presented here, it is sufficient to recount only the following facts.

This 42 U.S.C. § 1983 class action arises from the failure of defendant California State Employees Association ("CSEA")[1] to provide non-union members with sufficient notice of "fair share" fees pursuant to Chicago Teachers Union v. Hudson, 475 U.S. 292, 310 (1986).  On May 2, 2001, this court granted plaintiffs' motion for summary judgment in part and awarded partial restitution of withdrawn fees to all nonmembers. Cummings v. Connell, 177 F. Supp. 2d 1060 (E.D. Cal. 2001).  On appeal, the Ninth Circuit upheld this court's decisions to (1) award summary judgment against the union (based on a finding that its initial Hudson notices were deficient); (2) certify a class; (3) award summary judgment in favor of defendants Kathleen Connell and Marty Morgenstern; (4) deny plaintiffs' request for a permanent injunction; and (5) deny plaintiffs' standing to challenge the indemnification clauses.  Cummings v. Connell, 316 F.3d 886, 891-99 (9th Cir. 2003) (Cummings I).  However, the Ninth Circuit "fail[ed] to see how plaintiffs suffered any compensable harm (aside from nominal damages) from the initial defective notice," and held that "the district court went too far in ordering partial restitution to all class members."  Id. at 894-95.  Accordingly, the panel directed this court on remand to award only nominal damages and adjust the court's award of costs and attorneys' fees if appropriate.

---

[1]  The union has since been renamed and now goes by "Service Employee International Union, Local 1000."

2

1         Awarding nominal damages required more than a
2    ministerial act on the part of this court because whether nominal
3    damages should be awarded to the whole class as a fictional
4    entity, to each class representative, or to each class member was
5    a matter of first impression in the Ninth Circuit.  In resolving
6    this issue, the court reasoned that the most sound approach, one
7    that would ensure that nominal damages in a large class action
8    would actually remain nominal, was to award nominal damages in
9    the amount of $1.00 to each named class representative.  <u>Cummings</u>
10   <u>v. Connell</u>, 281 F. Supp. 2d 1187, 1191-92 (E.D. Cal. 2003).  On
11   appeal, the Ninth Circuit disagreed and remanded the case once
12   more with instructions to award nominal damages to each class
13   member and to hold further proceedings to determine the impact of
14   that decision on this court's award of attorneys' fees and costs.
15   <u>Cummings v. Connell</u>, 402 F.3d 936, 945 (9th Cir. 2005) (<u>Cummings</u>
16   <u>II</u>).[2]  Pursuant to that decision, plaintiffs now bring this

---

[2]    In <u>Cummings II</u>, Ninth Circuit also (1) affirmed this court's decision to award nominal damages per constitutional amendment violated (rather than per unconstitutional act) and (2) reversed this court's award of attorneys' fees and costs incurred during the first appeal.  <u>Cummings</u>, 402 F.3d at 948.  The decision further directed this court to redetermine "the award of attorneys' fees and costs incurred during the district court portion of the proceedings . . . in light of the new nominal damages award."  <u>Id.</u>; <u>see also</u> <u>Cummings v. Connell</u>, Nos. 03-17095, 04-15154, 04-15186, slip op. at 12 (9th Cir. Apr. 24, 2006) (amending the mandate in <u>Cummings II</u> and referring calculation of attorneys' fees on plaintiffs' cross-appeal regarding attorneys' fees to this court (to be determined once this court redetermines the appropriate fee for the district court proceedings)).  However, neither party has yet noticed a motion for redetermination of attorneys' fees and consequently, this matter is not now before this court.  (<u>See</u> May 19, 2006 Joint Status Conf. Stmt. (professing to "have reached a tentative accord" on the amount of attorneys' fees to be awarded to plaintiffs' counsel and noting that, upon client approval, the parties intend to "file a Motion for Approval of a Class Notice

3

motion for summary judgment and/or amendment of judgment on remand.  Defendants have filed a statement of non-opposition.

II. <u>Discussion</u>

"On remand, a trial court can only consider 'any issue not expressly or impliedly disposed of on appeal.'" <u>Vizcaino v. U.S. Dist. Court for W. Dist. of Wash.</u>, 173 F.3d 713, 719 (9th Cir. 1999) (quoting <u>Firth v. United States</u>, 554 F.2d 990, 993 (9th Cir. 1977)).  In other words, when acting pursuant to an appellate court's mandate, this court "is bound by the decree as the law of the case; and must carry it into execution . . . ." <u>Id.</u> (quoting <u>In re Sanford Fork & Tool Co.</u>, 160 U.S. 247, 255 (1895) (alteration in original)).  The court "cannot vary [the mandate], or examine it for any other purpose than execution." <u>Id.</u>  Furthermore, the court "must implement both the letter <u>and the spirit</u> of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." <u>Id.</u> (emphasis added).

The issue before the court now is fairly straightforward since the Ninth Circuit's mandate in <u>Cummings II</u> left open only a very narrow matter: the amount of nominal damages to award to each class member.  See <u>Cummings v. Connell</u>, Nos. 03-17095, 04-15154, 04-15186, slip op. at 11 n.2 (9th Cir. Apr. 24, 2006) (noting that the district court might award a different amount per person on remand).  In its first opinion

---

Re: Motion for Attorneys' Fees within fourteen days after entry of a judgment for nominal damages"); <u>see also</u> <u>Gould v. Mut. Life Ins. Co. of N.Y.</u>, 790 F.2d 769, 773 (9th Cir. 1986) (holding that once an appellate mandate has issued, a district court can entertain post-judgment motions).

4

1  addressing nominal damages, this court already expressed its
2  distaste for a nominal award of something less than $1.00 per
3  person.  See Cummings, 281 F. Supp. 2d at 1192 n.7 ("The court
4  has considered, and rejects, the idea of awarding nominal damages
5  of something less than $1.00 to each class member. . . . [I]t
6  would cost defendants as much to cut 37,000 checks for $.01 each
7  as it would to cut 37,000 checks for $1.00 each, and the court
8  believes that an award of one penny would more trivialize
9  plaintiffs' constitutional rights than vindicate them.").
10 Moreover, defendants do not oppose plaintiffs' request that the
11 court award $1.00 to each member of the class that plaintiffs
12 represent.  Accordingly, the court will award nominal damages in
13 the amount of $1.00 to each class member.
14         IT IS THEREFORE ORDERED that, in accordance with the
15 March 29, 2005 decision of the Ninth Circuit (as amended on May
16 17, 2005 and April 24, 2006) and the mandate issued on June 30,
17 2005, plaintiffs and each member of the class they represent are
18 awarded nominal damages to be paid in the amount of one dollar
19 ($1.00) to each member of the class.
20         Counsel for plaintiffs is further ORDERED to prepare
21 and lodge a form of judgment consistent with this order and the
22 Ninth Circuit's mandate.
23 DATED:  June 20, 2006

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE