```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   EASTERN DISTRICT OF CALIFORNIA
10                           ----oo0oo----
11   CHRISTINE A. CUMMINGS, JANET
     TAYLOR DARVAS, RICHARD K.
12   DEHART, CHRISTOPHER GARBANI,
     PATRICIA A. MCCUMSEY, DANIEL
13   NOWALIS, CLAUDIA STEWART,
     and MONA YASSA, on behalf of
14   themselves and the class they
     represent,
15                                      NO. CIV. S-99-2176 WBS KJM
                Plaintiffs,
16
        v.                              MEMORANDUM AND ORDER RE:
17                                      ATTORNEYS' FEES AND COSTS
18
     KATHLEEN CONNELL, Controller,
19   State of California; MARTY
     MORGENSTERN, Director
20   California Department of
     Personnel Administration,
21   Defendants; CALIFORNIA STATE
     EMPLOYEES ASSOCIATION, LOCAL
22   1000; LOCAL 1000 SERVICE
     EMPLOYEES INTERNATIONAL UNION,
23   AFL-CIO-CLC;
24              Defendants.
25                           ----oo0oo----
26   ///
27   ///
28   ///
                                 1
```

I.   <u>Factual and Procedural Background</u>[1]

This 42 U.S.C. § 1983 class action arises from the failure of defendant California State Employees Association ("CSEA")[2] to provide non-union members with sufficient notice of "fair share" fees pursuant to <u>Chicago Teachers Union v. Hudson</u>, 475 U.S. 292, 310 (1986). On May 2, 2001, this court granted plaintiffs' motion for summary judgment in part and awarded partial restitution of withdrawn fees to all nonmembers. <u>Cummings v. Connell</u>, 177 F. Supp. 2d 1060 (E.D. Cal. 2001). On appeal, the Ninth Circuit upheld the majority of this court's order. <u>Cummings v. Connell</u>, 316 F.3d 886, 891-99 (9th Cir. 2003) (<u>Cummings I</u>). However, the Ninth Circuit "fail[ed] to see how plaintiffs suffered any compensable harm (aside from nominal damages) from the initial defective notice," and held that "the district court went too far in ordering partial restitution to all class members." <u>Id.</u> at 894-95. Accordingly, the panel directed this court on remand to award only nominal damages and adjust the court's award of costs and attorneys' fees if appropriate.

On remand, in determining how to award nominal damages to a class of plaintiffs (a matter of first impression in the Ninth Circuit), this court decided to award nominal damages in the amount of $1.00 to each named class representative. <u>Cummings</u>

---

[1] The facts of this case are more fully discussed in previous orders issued by this court and the Ninth Circuit. For the purpose of determining attorneys' fees, it is sufficient to recount only the following facts.

[2] The union has since been renamed and now does business under the name "Service Employee International Union, Local 1000" ("SEIU Local 1000.")

1  v. Connell, 281 F. Supp. 2d 1187, 1191-92 (E.D. Cal. 2003).  This
2  court reasoned that this approach was the best way to ensure that
3  nominal damages in a large class action actually remained
4  "nominal."  On appeal, the Ninth Circuit disagreed and remanded
5  the case once more with instructions to award nominal damages to
6  each class member and to hold further proceedings to determine
7  the impact of that decision on this court's award of attorneys'
8  fees and costs.  Cummings v. Connell, 402 F.3d 936, 945 (9th Cir.
9  2005) (Cummings II).  The Ninth Circuit further directed this
10 court to redetermine "the award of attorneys' fees and costs
11 incurred during the district court portion of the proceedings . .
12 . in light of the new nominal damages award."  Id.; see also
13 Cummings v. Connell, Nos. 03-17095, 04-15154, 04-15186, slip op.
14 at 12 (9th Cir. Apr. 24, 2006) (amending the mandate in Cummings
15 II and referring calculation of attorneys' fees on plaintiffs'
16 cross-appeal regarding attorneys' fees to this court (to be
17 determined once this court redetermines the appropriate fee for
18 the district court proceedings)).

19         On remand, this court awarded plaintiffs and each
20 member of the class they represent nominal damages, to be paid in
21 the amount of one dollar ($1.00) to each member of the class.
22 (June 20, 2006 Order; July 5, 2006 Amended Judgment).  This
23 court, however, refrained from ruling on attorneys' fees and
24 costs, because neither party noticed such a motion, and the
25 parties professed to "have reached a tentative accord" as to an
26 appropriate amount.  (Id.; May 19, 2006 Joint Status Conf. Stmt.)
27 Indeed, on May 23, 2006, the parties negotiated and entered into
28 a settlement agreement that in relevant part agreed that: 1) the

3

1 plaintiffs are prevailing parties under 42 U.S.C. § 1988; and 2)
2 defendant SEIU Local 1000 will pay plaintiffs $125,000.00 in
3 attorneys' fees, expenses, and costs, divided as (a) $115,000.00
4 for fees, costs, and expenses prior to May 23, 2006; and (b) a
5 flat amount of $10,000.00 in fees, costs, and expenses necessary
6 to bring the matter to a conclusion and avoid further litigation
7 expenses.[3]  (Pet. for Att'ys Fees at ¶ 7.)  Pursuant to Federal
8 Rule of Civil Procedure 23(h)(1), the parties drafted a class
9 notice regarding the attorneys' fee agreement, which was approved
10 by the court on September 13, 2006, and dispatched to all class
11 members on September 22, 25, and 26, 2006.  (October 10, 2006
12 Certification of Mailing.)  Seven class members have filed
13 objections to the notice of motion regarding attorneys' fees.
14 (Objections to Settlement Exs. A-G.)  Plaintiffs now move for an
15 order awarding fees and costs of $125,000.00, as agreed to by the
16 parties.

II. Discussion

           Because plaintiffs prevailed on the merits of their §
1983 claims, Cummings, 177 F. Supp. 2d 1060, the court may allow
them reasonable attorneys' fees and costs.  42 U.S.C. § 1988(b);
Sable Commc'ns v. Pac. Tel. & Tel., 890 F.2d 184, 193 (9th Cir.
1989) ("Plaintiffs prevailing in a civil rights action should
ordinarily receive attorney's fees unless special circumstances
would render such an award unjust.").  Additionally, out-of-

---

[3]  The settlement agreement additionally mandated that defendants would not oppose a subsequent motion seeking the attorneys' fees agreed to.  To this effect, defendants have filed a statement of non-opposition to the present motion. (Statement of Non-Opp'n.)

4

pocket litigation expenses are reimbursable as a part of attorneys' fees. Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994). This court is not aware of any special circumstances which would justify denying an award of fees and costs.

    A.    Attorneys' Fees Agreements in Class Actions

If attorneys' fees are warranted, the district court's primary duty is to determine what constitutes a fair and reasonable award. Hoirup v. Prof'l Eng'rs in CA Gov't, 2006 WL 2791158, at *3 (E.D. Ca. Sept. 27, 2006); Fed. R. Civ. P. 23(h). Rule 23(h), governing attorneys' fees in class actions, makes clear that they may only be paid pursuant to a Rule 54(d)(2) motion, but Rule 54(d)(2)(B) indicates that courts may consider fee agreements between the parties in determining a reasonable fee award. Hoirup, 2006 WL 2791158, at *3; Fed. R. Civ. P. 54(d)(2)(B) ("If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made."). However, the Ninth Circuit has warned that courts approving fee agreements in class actions must be cognizant of the "opportunities for collusive arrangements in which defendants can pay the attorneys for the plaintiff class enough money to induce them to settle the class action for too little benefit to the class." Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1397 (9th Cir. 1999).

In this case, the court can not conceive of any danger of collusion between the parties with regard to the settlement agreement for attorneys' fees. Most importantly, the settlement agreement at issue pertains only to the matter of attorneys' fees--it does not purport to resolve any of plaintiffs' claims on

5

the merits. Indeed, plaintiffs' claims were resolved (in their favor) approximately five years prior to the May 2006 settlement negotiations regarding attorneys' fees. <u>Cummings</u>, 177 F. Supp. 2d 1060. There is nothing to indicate that plaintiffs' attorneys have not acted in the interests of the class members at all times, and thus the court will consider the parties' agreement in determining a reasonable award.

    B.   <u>Lodestar Calcuation</u>

In calculating the <u>amount</u> of an award of attorneys' fees, the court uses the lodestar calculation--the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Allen v. Shalala</u>, 48 F.3d 456, 458 (9th Cir. 1995); <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). There is a strong presumption that the lodestar amount is reasonable. <u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation omitted). However, the court may adjust the lodestar figure if various factors overcome the presumption of reasonableness.[4] <u>Hensley</u>, 461 U.S. at 433-34.

---

[4] The court may adjust the lodestar figure on the basis of the <u>Kerr</u> factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

<u>Kerr v. Screen Guild Extras, Inc.</u>, 526 F.2d 67, 70 (9th Cir.

1.  <u>Fees and Costs Prior to Settlement Agreement</u>

On December 12, 2003, this court issued an order awarding attorneys' fees and costs to plaintiffs. In particular, the court awarded $44,000.00 in attorneys' fees and $9,019.28 in out-of-pocket expenses for work occurring prior to the first appeal. (Dec. 12, 2003 Order 14.) The order additionally awarded $28,050.00 in attorneys' fees for work on the appeal, and $10,275.00 in attorneys' fees and $3,025.14 in costs, for work done after the appeal. The Ninth Circuit, however, subsequently reversed the award of $28,050.00 for attorneys' fees related to the appeal, based on plaintiffs' failure to appropriately file an application with that court. <u>Cummings</u>, 402 F.3d at 947-48.

The Ninth Circuit also remanded for redetermination the amounts of the awards relating to pre-appeal and post-appeal work, in light of the nominal damages issue decided in that appeal. In particular, plaintiffs' contend that this court's denial of fees and costs for work done on the nominal damages issue on remand was improper, in light of the Ninth Circuit's subsequent ruling. This court agrees, and thus finds an award of attorneys' fees and costs appropriate for work done on the issue of nominal damages, but only with regard to whether they should

---

1975). However, many of the <u>Kerr</u> factors have been subsumed in the lodestar approach. <u>Cunningham v. County of Los Angeles</u>, 879 F.2d 481, 487 (9th Cir. 1988). Moreover, although the court should consider the factors established by <u>Kerr</u>, it need not discuss each factor. <u>Sapper v. Lenco Blade, Inc.</u>, 704 F.2d 1069, 1073 (9th Cir. 1983).

7

be awarded to each class member.[5] Plaintiffs originally requested $1,621.88 in expenses, and indicated that 78.6 hours had been expended on the nominal damages issue on remand. Plaintiffs now estimate that 70% of the materials submitted related to the nominal damages issue on which they ultimately prevailed, which constitutes 55.02 hours. (Pet. for Att'ys Fees at ¶ 11.) At the prevailing market rate of $250 per hour, previously found proper by this court for work during that time period, (Dec. 12, 2003 Order 14), this equals an award of $13,755.00 in attorneys' fees.

However, with the exception discussed immediately above, upon consideration of the final results obtained by plaintiffs, Hensley, 461 U.S. at 437, this court sees no reason to disturb the remaining lodestar calculations made in its prior December 13, 2003, order, simply because the nominal damages award increased from $7.00 to roughly $37,000. See Morales v. City of San Rafael, 96 F.3d 359, 362-63 (9th Cir. 1996)(quoting Farrar v. Hobby, 506 U.S. 103, 117 (1992))(noting that, in weighing final relief awarded, for calculation of attorneys' feels, the court must consider "the significance of the legal issues on which the plaintiff[s] claim to have prevailed" and the "public purpose" served by the litigation).

Subsequent to their second appeal, Cummings II, 402 F.3d 936, plaintiffs filed an appropriate application with the Ninth Circuit for attorneys' fees and out-of-pocket costs related

---

[5] Plaintiffs also claimed that a separate award of nominal damages should issue for each violation, an argument rejected by the Ninth Circuit.

8

to that appeal. Based on plaintiffs' limited success on the appeal, the Ninth Circuit awarded plaintiffs $41,910.00 in attorneys' fees and $2,523.94 in expenses. (April 25, 2006 Order 13.) The court further remanded to this court the calculation of reasonable fees and costs for work on the cross-appeal, based on its assertion that this court would be in a better position to know "if and to what extent the cross-appeal was successful." (Id. at 12.) Although the Ninth Circuit gave a rough estimate of the hours it believed plaintiffs spent on their cross-appeal,[6] it did so merely in the process of calculating one factor for reducing plaintiffs' fee award on a separate issue. At that time, plaintiffs did not include in their request for fees the hours their attorneys' spent pursuing the cross-appeal. Because plaintiffs now submit their unopposed motion for attorneys' fees based primarily on the settlement agreement between the parties, they have again decided not to include information about the hours spent on the cross-appeal. As such, regardless of how this court might partition the relative success of the cross-appeal for the purposes of attorneys' fees, it does not have a basis upon which is can calculate the lodestar amount for the work done on the cross-appeal.

        2.    <u>Fees and Costs Subsequent to Settlement Agreement</u>

In addition to the amounts already awarded or decided above, plaintiffs' counsel submits materials demonstrating that it has performed additional work since May 23, 2006. Provided

---

[6] The Ninth Circuit estimated that because 4 percent of plaintiffs' briefs were devoted to the issues on cross-appeal, the same percentage of their total hours must have been devoted to that section. (April 25, 2006 Order 12.)

9

1  that the party seeking attorneys' fees submits supporting
2  documentation, courts regularly award attorneys' fees for legal
3  activities such as communications by phone with clients or
4  opposing counsel, document review, and meetings.  See, e.g.,
5  Assembly of State of Cal. v. U.S. Dept. of Commerce, No. 91-990,
6  1993 WL 188328, at *12 (E.D. Cal. May 28, 1993) (finding a
7  billing entry that included phone calls reasonable); Monsanto Co.
8  v. Pacificorp, No. 01-607, 2006 WL 1128226, at *8 (D. Idaho Apr.
9  24, 2006) (awarding attorneys' fees for "considerable time
10 investigating the potential success of filing such a complaint,
11 including interviewing witnesses and reviewing relevant
12 documents"); Martinez v. Longs Drug Stores, Inc., 03-1843, 2005
13 WL 3287233, at *7 (E.D. Cal. Nov. 28, 2005) (concluding that
14 meetings for support staff were reasonable billing entries). In
15 this case, plaintiffs' attorney W. James Young submits a
16 declaration, with an attached summary of time-sheets, indicating
17 that 40.05 hours have been expended on this matter since the
18 settlement agreement was reached.  (Young Decl. ¶ 3.)  At the
19 current prevailing market rate of $275 per hour, (April 25, 2006
20 Order 8), an award of an additional $11,013.75 in attorneys' fees
21 is proper.[7]

---

[7] Plaintiffs counsel indicates that no out-of-pocket expenses have been incurred since May 23, 2006. (Young Decl. ¶ 5.)

10

C.   <u>Class Members' Objections</u>

In late September, 2006, an appropriate notice of motion for attorneys' fees was approved by this court, and mailed to the class members pursuant to Rule 23.  Fed. R. Civ. P. 23(h)(2).  According to the Rule, as explained in the notice, all class members have the right to object in writing to the motion for attorneys' fees.  <u>Id.</u>  Accordingly, seven class members have timely filed objections with plaintiffs counsel, W. James Young, submitted to this court on November 20, 2006.[8]  (Objections to Settlement Exs. A-G.)

Class member A. Lawrence Fibich objects to the motion on various grounds.  First, he objects to the nominal damage award of $1.00, as compared to what he views as a "reward" to the attorneys' for their time.  Secondly, Mr. Fibich proffers a general objection to attorney billing practices, including the billing rate and number of hours.  Finally, Mr. Fibich contends that it is unfair that his money, paid via his dues to the CSEA, be given to plaintiffs' attorneys, when they achieved a result which "solved nothing."  (Objections to Settlement Ex. A.)

Class member Catherine Haynes objects to the motion on the grounds that she was not consulted about, or notified of, this suit.[9]  (Objections to Settlement Ex. B.)

---

[8]   In addition, one class member, A. Lawrence Fibich, stated his intention to speak at the hearing, but he did not appear.

[9]   In response to the objection by Catherine Haynes, this court notes that in a class action the issue is "whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement.  If an individual [class member] later claims he did not receive

11

Class member James G. White objects to the motion on the grounds, based on what appears to be a general disagreement with the fairness of the nominal award of $1.00.  (Objections to Settlement Ex. C.)

Class member Robert M. Heflin, although he files an objection, does not object to the motion per se, but instead asserts that because he was paying a "Fair Share-CSEA" fee for approximately two years, he was to be considered a "member" of the union, and thus not a class member.[10]  (Objections to Settlement Ex. D.)

Class member Ramiro Hernandez objects to the motion based primarily on what appears to be his disagreement with the fairness of the nominal damages award of $1.00.  (Objections to Settlement Ex. E.)

Class member James Schlienz objects to the motion based on what appear to be ideological grounds, arguing that ultimately the motion "do[es] not represent [his] wishes."  (Objections to Settlement Ex. F.)

Class member Edward Kotani objects to the motion because he believes it was a "personal case" and thus he should not be obligated to pay such expenses.  (Objections to Settlement

---

adequate notice and therefore should not be bound by the settlement, he can litigate that issue on an individual basis when the settlement is raised as a bar to a lawsuit he has brought."  Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993).  Accordingly, Haynes may pursue an individual remedy in a separate action, but her asserted lack of notice does not constitute a substantive objection to the present motion.

[10]  Accordingly, the court need not consider this to be a substantive "objection" to the motion for attorneys' fees, as Mr. Heflin merely appears to be trying to remove himself from the class.

12

1  Ex. G.)

2       These seven objections appear to fall into several general categories, which the court will address in turn.  As a preliminary matter, it appears that several of the class members are not in fact objecting in substance to the <u>motion for attorneys' fees</u>, but instead object to what they perceive to be a lack of fairness in the final award of nominal damages.  (Objections to Settlement Exs. A-C, E.)  Indeed, this confusion on the part of the class members may be warranted, as it appears that plaintiffs' counsel W. James Young chose to include the nominal damage award of $1.00 cash along with the mailing containing notice of the motion for attorneys' fees.  (Objections to Settlement Ex. C (October 2, 2006 W. James Young Letter).)  It thus appears that several class members are using their right to object to the present motion as a forum for objecting to the ultimate judgment in the case.  While this court is sympathetic to the class members' disappointment, the issue of ultimate damages has already been litigated and decided by the Ninth Circuit, <u>Cummings I</u>, and this is not the proper forum for such objections.

21       The second main ground on which class members object to this motion consists of a general attack on the practice of awarding attorneys fees based on "arbitrary" billing practices, including excessive hours and "extensive billing/costs." (Objections to Settlement Exs. A, F.)  While cognizant of the potential harms inherent in legal services billing, as well as the danger for collusion in class action settlements, this court has sufficient faith in the rigorous statutory and common-law

13

protections that exist to enable courts to protect parties from abusive billing practices.  See e.g., Zucker, 192 F.3d 1323; Fed. R. Civ. P. 23(h) & 54(d); 42 U.S.C. § 1988(b); Sable Commc'ns, 890 F.2d 184.  As discussed in detail above, the amount agreed to by the parties is entirely reasonable, considering the time and effort that plaintiffs' counsel exerted and the partially favorable result achieved, especially given that large portions of award have already been analyzed and granted by the courts.  (December 12, 2003 Order; April 25, 2006 Order.)

Finally, several class members object to this motion by arguing that they do not believe their money should go to paying for such services, when the result of the law suit was nominal at best.  (Objections to Settlement Exs. A, G.)  To the extent that the class members may be concerned that an award of attorneys' fees will come out of any monetary judgment in their favor, this is not the case.  The only award granted to class members was the nominal damages of $1.00 per class member, which has already been paid.  The attorneys' fees referenced in the present application are to come from a separate fund.  To the extent that the class members are objecting merely because they have paid money to CSEA, and CSEA is paying for the attorneys' fees, this argument does not constitute a meritorious objection to the present motion.  Although not named plaintiffs, objecting class members are still parties, represented by counsel, to a suit seeking monetary damages from CSEA.  It is beyond dispute that a party (even if the party only prevails in part) may be entitled to attorneys' fees, Fed. R. Civ. P. 54(d)(2), even when the ultimate judgment is for nominal damages, see Hoirup, 2006 WL 2791158.

14

1  Plaintiffs' counsel in this case pursued the matter diligently,
2  and won a victory (albeit not a financial victory) for all class
3  members.  Attempting to punish class counsel because of
4  dissatisfaction with the ultimate judgment is not a proper basis
5  for objecting to the present motion, and plaintiffs' counsel is
6  thus entitled to be compensated for their efforts.  Out of the
7  approximately 37,000 class members that are parties to this
8  action, this court does not find merit in the seven objections
9  filed to this motion.

III. Conclusion

In accordance with the foregoing discussion, the lodestar calculation of plaintiffs' attorneys' fees and expenses equals:

| | | | |
|---|---|---|---|
| Prior to First Appeal: | Attorneys' Fees | = | $44,000.00 |
|  | Costs | = | $9,019.28 |
| Post-First Appeal: | Attorneys' Fees | = | $10,275.00 |
| (prior order) | Costs | = | $3,025.14 |
| Post-First Appeal: | Attorneys' Fees | = | $13,755.00 |
| (nominal damages issue) | Costs | = | $1,621.88 |
| Second Appeal: | Attorneys' Fees | = | $41,910.00 |
|  | Costs | = | $2,523.94 |
| Post-Second Appeal | Attorneys' Fees | = | $11,013.75 |
|  |  | **TOTAL** | **= $137,143.99** |

As stated, the parties to this action have settled this claim in order to avoid the time, expense, and uncertainty of a dispute over the appropriate amount.  This court concludes that the unopposed amount sought, $125,000.00, is reasonable and will thus award it to plaintiffs.  Hoirup, 2006 WL 2791158, at *5 (awarding

15

the amount agreed to in a settlement, $110,000.00, based on a lodestar calculation of $193,889.34).

IT IS THEREFORE ORDERED that plaintiffs' motion attorneys' fees and costs be, and the same hereby is, GRANTED in the total sum of $125,000.00.

DATED:  November 27, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

16